**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KARMAGREEN, LLC, | |
|       Plaintiff and Counterclaim Defendant, | |
| v. | Case No. 1:21-cv-00674-WMR |
| MRSS INC., | |
|       Defendant and Counterclaim Plaintiff. | |

| |
|---|
| MRSS INC., |
|       Plaintiff, |
| v. |
| JAMES PETER MORRISSETTE, individually, |
|       Defendant. |

**ANSWER TO COUNTERCLAIMS
AND AFFIRMATIVE DEFENSES**

Plaintiff and Counterclaim Defendant Karmagreen, LLC ("Karmagreen") and Counterclaim Defendant James Peter Morrissette ("Morrissette") (collectively, Counterclaim Defendants") hereby answer the counterclaims filed by Defendant MRSS INC. ("MRSS" or "Defendant"). For ease of reference, Counterclaim

Defendants incorporate the outline headings used in MRSS's Answer to the Complaint and Counterclaims. To the extent that such headings make factual allegations, characterizations of fact, or legal conclusions, Counterclaim Defendants do not adopt or admit such statements and instead deny them. Pursuant to Fed. R. Civ. P. 8(b)(3), Counterclaim Defendants deny all allegations in MRSS's Counterclaims except those expressly admitted below. Counterclaim Defendants deny that MRSS is entitled to the relief requested or any other relief. With respect to the allegations in the Counterclaims, Counterclaim Defendants state as follows:

### ANSWER TO NATURE AND BASIS OF ACTION

1.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and the United States Patent Act, 35 U.S.C. § 1 et seq. MRSS requests declarations that: (1) MRSS does not directly infringe, whether literally or under the doctrine of equivalents, contributorily infringe, or induce infringement of any claim of the '902 patent asserted against MRSS; and (2) all claims of the '902 patent asserted against MRSS are invalid and unenforceable.

**Answer:** The allegations contained in Paragraph 1 contain legal conclusions as to which no response is required. To the extent a response is required, as alleged in the Complaint, Karmagreen states that all rights, title, choses in action, and interest in the '902 Patent are assigned to Karmagreen, which is the sole owner of

the '902 Patent. In its answer, MRSS admits that an assignment transferring ownership of the '902 patent to Karmagreen was recorded with the United States Patent and Trademark Office. Accordingly, Counterclaim Defendants understand that the allegations in Paragraph 1 pertain only to Karmagreen, and do not require a response by Morrissette. Karmagreen admits that MRSS purports to request declarations of non-infringement and invalidity pursuant to the Declaratory Judgment Act. Karmagreen denies the remaining allegations.

2.      This action also arises under the Uniform Deceptive Trade Practices Act, Ga. Code Ann. § 10-1-370 *et seq.*, Georgia common law, and the Lanham Act, 15 U.S.C. § 1125.

**Answer:** The allegations contained in Paragraph 2 contain legal conclusions as to which no response is required. To the extent a response is required, denied.

## ANSWER TO PARTIES, JURISDICTION, AND VENUE

3.      MRSS is a Georgia corporation with its principal place of business in Atlanta, Georgia.

**Answer:** Counterclaim Defendants admit that MRSS purports to be a Georgia corporation with its principal place of business in Atlanta, Georgia.

4.     Karmagreen states in its Complaint that it is a Delaware limited liability company with its principal place of business at 912 SE 46th Lane, Cape Coral, Florida 33904.

**Answer:** Karmagreen admits that it is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 912 SE 46th Lane, Cape Coral, FL 33904. No response is required from Morrissette because the allegations of Paragraph 4 pertain only to Karmagreen.

5.     On information and belief, James P. Morrissette is a citizen and resident of the State of Florida and may be found for the purposes of service at 912 SE 46th Lane, Cape Coral, Florida 33904. Morrissette is the named inventor of the '902 patent and, on information and belief, is the president of Karmagreen.

**Answer:** Counterclaim Defendants admit that Morrissette is the named inventor of the '902 patent.  Morrissette admits that he is a U.S. citizen and resides in the State of Florida. The remaining allegations contained in Paragraph 5 contain legal conclusions as to which no response is required. To the extent a further response is required, denied.

6.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332, 1338, 1367, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

**Answer:** The allegations contained in Paragraph 6 contain legal conclusions as to which no response is required. To the extent a response is required, Counterclaim Defendants do not contest subject matter jurisdiction for purposes of this civil action only. Counterclaim Defendants deny any remaining allegations in paragraph 6.

7.     This Court has personal jurisdiction over Karmagreen at least because Karmagreen has submitted to the jurisdiction of this Court by bringing the instant action and because Karmagreen transacts business in and has engaged in other conduct within the State of Georgia such that it has sufficient contacts with this State, it purposefully avails itself of the privileges and benefits of conducting business in the State of Georgia, a substantial part of the events or omissions giving rise to MRSS's claims against Karmagreen occurred in Georgia and involved Karmagreen, and the exercise of jurisdiction over Karmagreen comports with traditional notions of fair play and substantial justice.

**Answer:** The allegations contained in Paragraph 7 contain legal conclusions as to which no response is required. To the extent a response is required, Karmagreen will not contest personal jurisdiction in this Court for purposes of this civil action only and only for claims that are properly before this Court. Karmagreen denies any

remaining allegations in paragraph 7.  No response is required from Morrissette because the allegations of Paragraph 7 pertain only to Karmagreen.

8.     This Court has personal jurisdiction over Morrissette because he transacts business in and has engaged in other conduct within the State of Georgia such that he has sufficient contacts with this State, he purposefully avails himself of the privileges and benefits of conducting business in the State of Georgia, a substantial part of the events or omissions giving rise to MRSS's claims against Morrissette occurred in Georgia and involved Morrissette, and the exercise of jurisdiction over Morrissette comports with traditional notions of fair play and substantial justice.

**Answer:** The allegations contained in Paragraph 8 contain legal conclusions as to which no response is required. To the extent a response is required, Morrissette will not contest personal jurisdiction in this Court for purposes of this civil action only and only for claims that are properly before this Court. Morrissette denies any remaining allegations in paragraph 8.  No response is required from Karmagreen because the allegations of Paragraph 8 pertain only to Morrissette.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391, 1400(b).

**Answer:** The allegations contained in Paragraph 9 contain legal conclusions as to which no response is required. To the extent a response is required, Counterclaim Defendants will not contest venue in this judicial district for purposes of this civil action only and only for claims that are properly before this Court. Counterclaim Defendants deny any remaining allegations of Paragraph 9.

## ANSWER TO FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10.     Karmagreen purports to be the owner of the '902 patent.

**Answer:** Karmagreen admits that all rights, title, choses in action, and interest in the '902 Patent are assigned to Karmagreen, which is the sole owner of the '902 Patent. No response is required from Morrissette because the allegations of Paragraph 10 pertain only to Karmagreen.

11.     Karmagreen has incorrectly asserted that MRSS has infringed one or more claims of the '902 patent.

**Answer:** Karmagreen denies the allegations of Paragraph 11. No response is required from Morrissette because the allegations of Paragraph 11 pertain only to Karmagreen.

12.     Karmagreen did not perform a pre-suit investigation to determine whether each ingredient recited in the asserted claims of the '902 patent is in fact present in the Accused Products.

**Answer:** Karmagreen denies the allegations of Paragraph 12. No response is required from Morrissette because the allegations of Paragraph 12 pertain only to Karmagreen.

13. MRSS has not and does not infringe directly, by contribution, or by inducement any valid and enforceable claim of the '902 patent.

**Answer:** The allegations of Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, Karmagreen denies the allegations of Paragraph 13. No response is required from Morrissette because the allegations of Paragraph 13 pertain only to Karmagreen.

14. On information and belief, all claims of the '902 patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

**Answer:** The allegations of Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, Karmagreen denies the allegations of Paragraph 14. No response is required from Morrissette because the allegations of Paragraph 14 pertain only to Karmagreen.

15. On or around October 28, 2020, the president of Karmagreen, Morrissette, sent letters to certain wholesalers, distributors, or retailers that distributed, sold, or offered MRSS's Accused Products. Attached as Exhibit A is a

photograph of one such letter sent to Rishit Karia, 4200 Steve Reynolds Blvd, Suite 10, Norcross, Georgia.

**Answer:**  Counterclaim Defendants state that Exhibit A speaks for itself. Counterclaim Defendants deny all remaining allegations of Paragraph 15.

16.    Morrissette sent the letters under letterhead for "MT Brands."

**Answer:**  Counterclaim Defendants state that Exhibit A speaks for itself. Counterclaim Defendants deny all remaining allegations of Paragraph 16.

17.    On information and belief, MT BRANDS is a trademark and brand owned by Karmagreen, and Morrissette sent the letters on behalf of Karmagreen.

**Answer:**  The allegations of Paragraph 17 contain legal conclusions to which no response is required.   To the extent a response is required, Counterclaim Defendants state that Exhibit A speaks for itself.  Counterclaim Defendants deny any remaining allegations of Paragraph 17.

18.    The letters asserted that a lawsuit had been filed for "Trademark Infringement of Tianaa White, Red and Green."

**Answer:**  Counterclaim Defendants state that Exhibit A speaks for itself and the allegations of Paragraph 18 misstate what Exhibit A says.   Counterclaim Defendants therefore deny the allegations of Paragraph 18.

19.     No lawsuit for trademark infringement of Tianaa White, Red, or Green had been filed or has ever been filed.

**Answer:**  Counterclaim Defendants state that Exhibit A speaks for itself and no lawsuit for trademark infringement of Tianaa White, Red, or Green has been filed. Counterclaim Defendants otherwise deny any remaining allegations of Paragraph 19.

20.     On information and belief, Morrissette and Karmagreen knew that this statement was false when it was included it in the letters.

**Answer:**  Counterclaim Defendants state that Exhibit A speaks for itself and the allegations of Paragraphs 18 and 20 misstate what Exhibit A says.  Counterclaim Defendants deny the allegations of Paragraph 20.

21.     The letters further threatened the recipients that any purchase or sale of "Zaza" products "may represent a theft of stolen goods and could result in further prosecution under this Trademark Infringement."

**Answer:**  Counterclaim Defendants state that Exhibit A speaks for itself. Counterclaim Defendants deny the remaining allegations of Paragraph 21.

22.     The ZaZa products are not stolen goods and do not infringe any trademark rights in the Tianna White, Red, or Green products.

10

**Answer:** The allegations of Paragraph 22 contain legal conclusions to which no response is required.   To the extent a response is required, Counterclaim Defendants are without knowledge or information to form a belief as to the truth of the allegations of Paragraph 22, and therefore deny them.

23.     On information and belief, Morrissette and Karmagreen knew that this statement was false when it was included it in the letters.

**Answer:**   Counterclaim Defendants state that Exhibit A speaks for itself. Counterclaim Defendants deny the remaining allegations of Paragraph 23.

24.     The letters also offered the recipients incentives to discontinue their relationships with the manufacturers and suppliers of ZaZa products: "The manufacturers of Tianaa are offering great incentives and hold harmless agreements for distributors and jobbers cooperating in the vacating of Zaza from their product line sales . . . ."

**Answer:** Counterclaim Defendants state that Exhibit A speaks for itself and the allegations of Paragraph 24 misstate what Exhibit A says.   Counterclaim Defendants therefore deny the allegations of Paragraph 24.

25.     On information and belief, Morrissette, Karmagreen, and/or third parties acting on their behalf have made the same or similar statements, threats, and offers in various means of communication, including in text messages or chat rooms,

to distributors, wholesalers, or retailers of ZaZa products. On information and belief, Morrissette, Karmagreen, and any third parties making the statements knew that they were false.

**Answer:**  Counterclaim Defendants are without knowledge or information to form a belief as to the truth of the allegations of Paragraph 25, including what is meant by "the same or similar statements, threats, and offers," and therefore deny them.

## ANSWER TO COUNT I
### Declaratory Judgment of Non-Infringement of the '902 Patent

26.    MRSS realleges and incorporates by reference the allegations of paragraphs 1 through 25 as if fully set forth herein.

**Answer:**  Karmagreen hereby repeats and incorporates by reference its responses to Paragraph 1 to 25, as if fully set forth herein.

27.    There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.*, regarding MRSS's noninfringement of the claims of the '902 patent asserted against MRSS.

**Answer:**  Paragraph 27 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, Karmagreen denies the

allegations of Paragraph 27. No response is required from Morrissette because the allegations of Paragraph 27 pertain only to Karmagreen.

28.    MRSS does not infringe any valid and enforceable claim of the '902 patent asserted by Karmagreen against MRSS.

**Answer:**  Paragraph 28 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, Karmagreen denies the allegations of Paragraph 28. No response is required from Morrissette because the allegations of Paragraph 28 pertain only to Karmagreen.

29.    MRSS is entitled to a judicial declaration that it does not infringe directly, by inducement, or by contribution any valid and enforceable claim of the '902 patent asserted against it.

**Answer:**  Paragraph 29 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, Karmagreen denies the allegations of Paragraph 29. No response is required from Morrissette because the allegations of Paragraph 29 pertain only to Karmagreen.

## ANSWER TO COUNT II
### Declaratory Judgment of Invalidity of the '902 Patent

30.    MRSS realleges and incorporates by reference the allegations of paragraphs 1 through 29 as if fully set forth herein.

**Answer:** Karmagreen hereby repeats and incorporates by reference its responses to Paragraph 1 to 29, as if fully set forth herein.

31.    There is an actual and justiciable controversy between the parties regarding the invalidity of the claims of the '902 patent asserted against MRSS for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

**Answer:** Paragraph 31 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, Karmagreen denies the allegations of Paragraph 31. No response is required from Morrissette because the allegations of Paragraph 31 pertain only to Karmagreen.

32.    On information and belief, a reasonable opportunity for further investigation or discovery will likely show that each asserted claim of the '902 patent is invalid as anticipated by and obvious over prior art.

**Answer:** Paragraph 32 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, Karmagreen denies the allegations of Paragraph 32. No response is required from Morrissette because the allegations of Paragraph 32 pertain only to Karmagreen.

33.    On information and belief, a reasonable opportunity for further investigation or discovery will likely show that each asserted claim of the '902 patent

is invalid as indefinite for at least failing to adequately disclose the invention in the specification of the patent and for failing to enable a person of ordinary skill in the art to make or use the claimed methods.

**Answer:**  Paragraph 33 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, Karmagreen denies the allegations of Paragraph 33. No response is required from Morrissette because the allegations of Paragraph 33 pertain only to Karmagreen.

34.    On information and belief, a reasonable opportunity for further investigation or discovery will likely show that each asserted claim of the '902 patent is invalid as indefinite for failing to particularly point out and distinctly claim the subject matter of the invention.

**Answer:**  Paragraph 34 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, Karmagreen denies the allegations of Paragraph 34. No response is required from Morrissette because the allegations of Paragraph 34 pertain only to Karmagreen.

35.    MRSS is entitled to a judicial declaration and order that each claim of the '902 patent asserted against it is invalid and unenforceable.

**Answer:** Paragraph 35 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, Karmagreen denies the

allegations of Paragraph 35. No response is required from Morrissette because the allegations of Paragraph 35 pertain only to Karmagreen.

## ANSWER TO COUNT III

### Violation of Uniform Deceptive Trade Practices Act, Ga. Code Ann. § 10-1-370, *et seq.*

36.    MRSS realleges and incorporates by reference the allegations of paragraphs 1 through 35 as if fully set forth herein.

**Answer:** Counterclaim Defendants hereby repeat and incorporate by reference their responses to Paragraph 1 to 35, as if fully set forth herein.

37.    Morrissette and Karmagreen have disparaged the goods, services, or business of MRSS by making false or misleading representations of fact at least by asserting that a trademark infringement lawsuit had been filed, by asserting that sale of the ZaZa products constitutes trademark infringement, or by asserting that the ZaZa products are stolen goods.

**Answer:** Denied.

38.    Morrissette and Karmagreen's conduct further creates a likelihood of confusion or misunderstanding regarding MRSS's ZaZa products.

**Answer:** Denied.

39.     Morrissette and Karmagreen, separately and collectively, have therefore, in the course of their business, vocation, or occupation, engaged in deceptive trade practices within the meaning of Ga. Code Ann. § 10-1-372.

**Answer:** Denied.

40.     The actions of Morrissette and Karmagreen have caused and will continue to cause MRSS immediate and irreparable harm unless such actions are enjoined by this Court under Ga. Code Ann § 10-1-373(a).

**Answer:** Denied.

41.     Morrissette and Karmagreen knew that their representations were false, misleading, and deceptive, but they nonetheless engaged in the foregoing acts with the express purpose of deterring the recipients of the letter from making further purchases and sales of MRSS's ZaZa products.

**Answer:** Denied.

42.     Morrissette and Karmagreen have willfully engaged in the foregoing acts.

**Answer:** Denied.

43.     MRSS is therefore entitled to an award of attorneys' fees under Ga. Code Ann. § 10-1-373(b)(2).

**Answer:** Denied.

## ANSWER TO COUNT IV

### Tortious Interference with Business Relationships

44.    MRSS realleges and incorporates by reference the allegations of paragraphs 1 through 43 as if fully set forth herein.

**Answer:** Counterclaim Defendants hereby repeat and incorporate by reference their responses to Paragraph 1 to 43, as if fully set forth herein.

45.    Morrissette and Karmagreen acted improperly and without privilege at least by asserting that a trademark infringement lawsuit had been filed, by asserting that sale of the ZaZa products constitutes trademark infringement, or by asserting that the ZaZa products are stolen goods.

**Answer:** Denied.

46.    Morrissette and Karmagreen acted purposefully and with malice with the intent to injure, which is evidenced at least by their statements that offered incentives for distributors, wholesalers, or retailers to discontinue their relationships with the manufacturers and suppliers of ZaZa products.

**Answer:** Denied.

47.    On information and belief, Morrissette and Karmagreen's actions induced a third party or parties not to enter into or continue a business relationship relating to the ZaZa products.

**Answer:** Denied.

48.     MRSS has suffered financial injury, including at least losing sales of the ZaZa products and incurring various costs and expenses as a result of correcting Morrissette and Karmagreen's improper and false statements.

**Answer:** Denied.

49.     Morrissette and Karmagreen have therefore tortiously interfered with MRSS's business relationships in violation of Georgia law.

**Answer:** Denied.

50.     MRSS is entitled to recover an amount to be determined to compensate for all financial injury incurred as a result of Morrissette and Karmagreen's actions.

**Answer:** Denied.

51.     An award of punitive damages should be further awarded against Morrissette and Karmagreen.

**Answer:** Denied.

## ANSWER TO COUNT V

### False Advertising and Commercial Disparagement in Violation of 15 U.S.C. § 1125(a)(1)(B)

52.     MRSS realleges and incorporates by reference the allegations of paragraphs 1 through 51 as if fully set forth herein.

**Answer:** Counterclaim Defendants hereby repeat and incorporate by reference their responses to Paragraph 1 to 51, as if fully set forth herein.

53.    Morrissette and Karmagreen, in connection with goods used in interstate commerce, disparaged and falsely advertised the nature, characteristics, and quality of MRSS's ZaZa products at least by asserting that sale of the ZaZa products constitutes trademark infringement or by asserting that the ZaZa products are stolen goods.

**Answer:** Paragraph 53 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, denied.

54.    Morrissette and Karmagreen's disparaging and false advertisements were literally false.

**Answer:** Paragraph 54 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, denied.

55.    Alternatively, Morrissette and Karmagreen's disparaging and false advertisements deceived or had the capacity to deceive consumers.

**Answer:** Paragraph 55 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, denied.

56.    Morrissette and Karmagreen's disparaging and false statements of fact about the ZaZa products in commercial advertising and promotion had a material

effect on consumers' decisions at least because those statements threatened consumers that their purchase and sale of the ZaZa products would constitute trademark infringement and theft of stolen goods. Such statements deterred consumers from purchasing the ZaZa products.

**Answer:** Paragraph 56 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, denied.

57.   Morrissette and Karmagreen's disparaging and false advertisements were transmitted from the State of Florida to recipients in other states and therefore affected interstate commerce.

**Answer:** Paragraph 57 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, denied.

58.   Such acts by Morrissette and Karmagreen constitute false statements, descriptions, and representations of fact in commercial advertising or promotion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**Answer:** Paragraph 58 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, denied.

59.   As a proximate result of Morrissette and Karmagreen's willful conduct, MRSS has suffered irreparable harm to its reputation and goodwill and the reputation of its ZaZa products, for which it has no adequate remedy at law.

**Answer:** Paragraph 59 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, denied.

60.     MRSS has suffered financial injury, including at least losing sales of the ZaZa products and incurring various costs and expenses as a result of Morrissette and Karmagreen's disparaging and false statements.

**Answer:** Paragraph 60 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, denied.

61.     Pursuant to 15 U.S.C. § 1117, MRSS is entitled to actual damages to be determined at trial, to have such damages trebled, and to disgorgement of Morrissette and Karmagreen's profits.

**Answer:** Paragraph 61 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, denied.

62.     This case is exceptional and, therefore, MRSS is further entitled to an award of its attorneys' fees under 15 U.S.C. § 1117(a).

**Answer:**  Paragraph 62 contains allegations and/or legal conclusions to which no response is required. To the extent a response is required, denied.

### ANSWER TO JURY DEMAND

63.     MRRS demands a trial by jury on all issues.

**Answer**: Counterclaim Defendants demand a trial by jury on all issues as well.  Counterclaim Defendants do not admit that any issue requires resolution by a trier of fact or is a legal issue to be tried to a jury.

## GENERAL DENIAL AND RESPONSE TO REQUEST FOR RELIEF

Any allegations in the Counterclaims not expressly admitted by Karmagreen, Morrissette, and/or Counterclaim Defendants are denied. Karmagreen, Morrissette, and Counterclaim Defendants deny that MRSS is entitled to any judgment or relief requested in Paragraphs (a) through (o) of its "Prayer for Relief."

## AFFIRMATIVE DEFENSES

An allegation of any defense below is not an admission that Karmagreen, Morrissette, or Counterclaim Defendants bear the burden of proof or persuasion on any claim or issue.

### First Affirmative Defense

MRSS fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

MRSS's claims are barred, in whole or in part, by the doctrines of equitable estoppel, laches, waiver and/or release.

### Third Affirmative Defense

MRSS's claims are barred, in whole or in part, by equitable principles including the doctrine of unclean hands.

### Fourth Affirmative Defense

The actions of Karmagreen, Morrissette and/or Counterclaim Defendants do not give rise to an exceptional case under 35 U.S.C. § 285.

### Fifth Affirmative Defense

The actions of Karmagreen, Morrissette and/or Counterclaim Defendants do not give rise to an exceptional case under 15 U.S.C. § 1117(a).

### Sixth Affirmative Defense

MRSS is barred from recovering costs associated with this suit.

Dated: March 25, 2021

/s/ Troy R. Covington

Troy R. Covington
Georgia Bar No. 190949
tcovington@bloom-law.com

Bloom Parham, LLP
977 Ponce de Leon Ave., N.E.
Atlanta, GA 30306
Tel:   404-577-7710
Fax:   404-577-7715

A. Neal Seth (admitted *pro hac vice*)
David Weslow (admitted *pro hac vice*)
Corey Weinstein (admitted *pro hac vice*)
Teresa Summers (admitted *pro hac vice)*
Wiley Rein LLP

1776 K Street, N.W.
Washington, DC 20006
Phone: (202) 719-7000
Fax: (202) 719-7049
Email:  nesth@wiley.law
Email dweslow@wiley.law
Email:  cweinstein@wiley.law
Email:  tsummers@wiley.law

*Attorneys for Plaintiff*
*Karmagreen, LLC and*
*Counterclaim Defendants*

## **LOCAL RULE 7.1(D) CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading has been prepared with 14-point Times New Roman font, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

This 25th day of March, 2021.

/s/ Troy R. Covington
Troy R. Covington
Georgia Bar No. 190949

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

This 25th day of March, 2021.

/s/ Troy R. Covington
Troy R. Covington
Georgia Bar No. 190949